**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.  **CASE NO. 4:06cr9-SPM**

**SHAWN LEONDO BARR,**

　　**Defendant.**

_____/

**O R D E R**

On April 20, 2006, Defendant Barr consented to a guilty plea colloquy before me. At the end of that hearing, I stated that I intended to recommend that his guilty plea be accepted. On April 21, 2006, before my report and recommendation had been entered, Defendant Barr filed a withdrawal of consent to proceed before a magistrate judge. Doc. 56.

The guilty plea colloquy was held before me only after my finding that Defendant gave knowing and voluntary consent to that procedure. The plea colloquy is over. The entry of the report and recommendation is simply to confirm my findings announced in open court. Withdrawal of consent at this stage in the proceedings is not effective because the issue is moot.

It is noted for the record, however, that on Friday, April 21, 2006, Ethan Way, Esq., for Clyde Taylor, called my office and spoke to my law clerk. He informed her that Defendant Barr wished to withdraw his guilty plea. That is not what was filed.

As noted in the consent, Defendant has 24 hours in which to object to my report and recommendation. Should Defendant wish to bring any issue concerning the guilty plea before District Judge Mickle, including a request to withdraw the guilty plea, Defendant should use this brief objections period to do so.

Accordingly, it is **ORDERED**:

1. The withdrawal of consent, doc. 56, is **DENIED as moot**.

2. The Clerk is directed to enter my report and recommendation that the guilty plea be accepted.

**DONE AND ORDERED** on April 24, 2006.

s/  William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**